131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Matius LEMUS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70647.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Dec. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals.
 
 
 2
 Before: REINHARDT, and TASHIMA, Circuit Judges, and SHADUR, Senior District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Jose Matius Lemus, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's decision denying Lemus' request for suspension of deportation under 8 U.S.C. § 1254(a)(1) for lack of extreme hardship. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 5
 We review for abuse of discretion the BIA's determination that an alien has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Failure by the BIA to consider the cumulative effect of all relevant factors in this determination is an abuse of discretion. Gutierrez-Centeno v. INS, 99 F.3d 1529, 1535 (9th Cir.1996).
 
 
 6
 Lemus contends that the BIA abused its discretion in failing to consider his strong identification with his church and failing to consider all of the relevant factors in the aggregate. We disagree.
 
 
 7
 The BIA considered that Lemus frequently attended church services and meetings, preached in a local park, had participated in door-to-door evangelical activities, had developed skills in ministering to an evangelical congregation, and had established worthwhile community contacts. This was sufficient consideration by the BIA of Lemus' identification with his church, particularly in light of the fact that Lemus provided no testimony that separation from his religious community would cause him emotional hardship or even that he strongly identified with his church.
 
 
 8
 Furthermore, the BIA considered that Lemus' health was good; that his preaching and other professional skills could be used in Guatemala, although he could suffer some economic detriment; that he is not particularly close to his siblings in the United States; and that he had made unsubstantiated allegations of possible guerilla retaliation against him. It concluded that Lemus "failed to establish that he would suffer emotional and economic hardship in substantially greater measure than the hardship typically encountered by all aliens facing deportation from the United States, so as to rise to the level of extreme hardship." See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (stating that common results of deportation are insufficient to establish extreme hardship).
 
 
 9
 Upon examination of the record, we find that the BIA did consider the aggregate of all relevant factors and did not abuse its discretion in determining that Lemus would not suffer extreme hardship if deported.
 
 
 10
 The petition is DENIED.
 
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3